EX PARTE WEITZ.

(District Court, D. Massachusetts.   February 25, 1919.)

No. 1680.

ARMY AND NAVY ⬤⟿44(2)—PERSONS SUBJECT TO MILITARY LAW—"RETAINER
TO CAMP"—"SERVING WITH THE ARMIES"—HABEAS CORPUS.
    The driver of an automobile employed and paid by the owner, a con-
    tractor for construction work at a training camp in the United States,
    which is not under martial law, his duty being to transport civilian em-
    ployés of the government auditing. department at the camp, not shown
    to have any direct connection with the army, is not a "retainer to the
    camp or accompanying or serving with the armies," within Articles of War,
    art. 2d (Comp. St. § 2308a), and not subject to trial by court-martial for
    a death inflicted by his machine within the camp.

Habeas corpus by William Weitz, on relation of Robert E. Weitz.
Writ granted.

John D. Carney, of Boston, Mass., for petitioner.
Louis Goldberg, of Baltimore, Md., for the United States.

MORTON, District Judge.   Habeas corpus to secure the discharge
of the petitioner, who is held by the army authorities for trial by court-
martial.   The facts are agreed and are as follows:
    The petitioner was not in the military service.   He was employed as
an automobile driver by Coleman Bros., who had a contract with the
government to do construction work at Camp Devens.   The automo-
bile which he operated was owned by Coleman Bros., and was used
for transporting civilian employés of the government auditing de-
partment at Camp Devens.   It does not appear that this auditing de-
partment had any direct connection with the United States Army.
The cost of operating the automobile, including the wages of the pe-
titioner, was charged by Coleman Bros. to the United States.   Prac-
tically all of his work was within the cantonment; he had his quar-
ters in the garage there, where the automobile was kept.
    At the time in question, there were in Camp Devens more than 40,-
000 men in training for active service on the fighting front.   They con-
stituted part of the United States Army and included the Twelfth
Division, which was being intensively trained for the purpose of get-
ting it overseas at the earliest possible moment.   No martial law had
been proclaimed at Camp Devens; the courts of the state and of the
United States were open; and, of course, there was no fighting within
the territorial limits of the United States.
    Under these circumstances, the automobile driven by the petitioner
struck and killed a soldier of the Twelfth Division within the limits
of the camp.   The petitioner was arrested by the military authorities
and is held for trial by court-martial.   The question is whether he is
amenable to military law.
    The answer to this question depends on the true construction of
article 2d of the Articles of War (Compiled Stats. 1916, § 2308a),

which provides, in substance, that "retainers to the camp and all persons accompanying or serving with the armies of the United States * * * in the field," shall be subject to military law. The precise issues are: (1) Whether the petitioner was a retainer to the camp, or accompanying or serving with the army; and (2) whether the army at Camp Devens was an "army in the field. "

While the accident happened within the territorial limits of the camp, no military jurisdiction attached—or is claimed—by reason of that fact. It arises, if it exists, solely out of the petitioner's employment or status. He was not hired by any public officials, and had no contractual relation with the United States; his employer was Coleman Bros. Nor was his work directly connected with the military activities of the camp; he transported civilian employés of the auditing department. The contract which Coleman Bros. had was "for certain construction work * * * to be performed within the cantonment * * * known as Camp Devens."

No case has gone so far as to hold that such a person comes within the Articles of War. In every case which has come to my notice, in which the civilian was held subject to military law, he was either employed by the United States or was directly concerned with the movement or supply of troops.

"The discipline authorized by the article has mainly been applied to the description of 'persons serving with the armies of the United States in the field'—that is to say, civilians employed by the United States or serving in a quasi military capacity in connection with troops in time of war and on its theater. But the mere fact of employment by the government pending a general war does not render the civilian employé so amenable. The employment must be in connection with the army in the field and on the theater of hostilities." Military Law of the United States, by General Davis, late Judge Advocate General and Professor of Law at West Point Academy (3d Ed. 1915) p. 478.

See, too, Opinions of Attorney General, volume 16, pp. 13, 48.

The expression "retainers to the camp" means "officers' servants and the like, as well as camp followers generally." Davis, Military Law, p. 478. It would not, in my opinion, include firms engaged in construction work, nor their employés. Persons "accompanying or serving with * * * armies in the field" are those who, though not enlisted, do work required in maintenance, supply, or transportation of an army. The work which Weitz was doing was not of that character. He was no more serving with or accompanying the army than was a carpenter building barracks, or a laborer working on a road in the camp, or a machinist hired by the day to do work in the machine shop. There is, I think, a clear distinction between work done in the erection or maintenance of a camp of semipermanent character, and work having a direct relation to the transport, maintenance, or supply of an army in the field. Both sorts of work are necessary to the army, but only persons engaged in the latter sort are amenable to military law and punishment. To hold otherwise would be to subject to military law a very large body of civilian employés, never directly coming in contact with military authority, and not heretofore generally supposed to be subject thereto.

It is unnecessary to decide whether the military force at Camp Devens constituted an army "in the field."

There is no proper return to the writ; but that fact is no sufficient reason for depriving the petitioner of his legal rights. An order may be entered discharging him from custody.